## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent,** ) | |
| ) | **Criminal Action No.** |
| **v.** ) | **15-10338-FDS-56** |
| ) | |
| **JOSE ADAN MARTINEZ CASTRO,** ) | |
| ) | |
| **Petitioner.** ) | |

## MEMORANDUM AND ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

**SAYLOR, C.J.**

This is a motion to vacate, set aside, or correct a sentence by a prisoner in federal custody pursuant to 28 U.S.C. § 2255. On November 27, 2017, petitioner Jose Adan Martinez Castro pleaded guilty to conspiracy to conduct enterprise affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). In substance, the evidence established that Martinez Castro was the head of the East Coast Program of MS-13, a violent criminal gang that originated in El Salvador, and that he directed and encouraged other gang members to commit murders of rival gang members.

On July 18, 2018, the Court imposed a sentence of 235 months in prison. The judgment and commitment order was entered the same day.

Now proceeding *pro se*, petitioner has filed a motion to vacate pursuant to 28 U.S.C. § 2255. He seeks relief on three grounds: (1) ineffective assistance of counsel, on the ground that his attorney, James Michael Caramanica, failed to file an appeal despite petitioner's direct

request that he do so (Ground One); (2) violation of his right to due process, on the ground that the Court impermissibly based its sentence on his ethnicity (Ground Two); and (3) ineffective assistance of counsel, on the ground that his attorney failed to object to certain sentencing enhancements (Ground Three).

On October 25, 2021, the Court denied petitioner's motion as to Grounds Two and Three. As to Ground One, the Court ordered petitioner and his attorney to submit further affidavits so that the Court could determine whether an evidentiary hearing was warranted.  Specifically, attorney Caramanica was instructed to provide further details, to the extent available, as to (1) whether he consulted petitioner about appealing; (2) whether he received any letters or phone calls from petitioner about appealing; and (3) whether he recalled any discussion at sentencing about appealing, and the timing and circumstances of any such items.  The Court requested that petitioner provide further details, to the extent available, as to (1) the circumstances of the alleged discussion concerning his right to appeal, including where and when the conversation took place, and (2) the timing and content of any letters and phone calls concerning an appeal.

Attorney Caramanica filed an affidavit responding to that order.  (Dkt. No. 3247).  In that affidavit, he attested that he did not have "notes that reflect specifically consulting with the petitioner" but that his practice was to "advise clients of the right to appeal a sentence when that right is available."  (*Id.* ¶ 4).  He attested that he was "not aware of any letters or phone calls from the petitioner about appealing until July 2019."  (*Id.* ¶ 5).  In addition, he attested that he did not "recall any discussions at sentencing about appealing."  (*Id.* ¶ 6).

Petitioner did not file an affidavit within 35 days of the date of the Court's order. Instead, he filed a letter on March 28, 2022.  (Dkt. No. 3266).  The letter indicated that he was currently in the "SHU," that is, the Special Housing Unit, and that he had been unable to access

the papers for his case.  (*Id.*).  Petitioner did not address any of the information that the Court requested in that letter.

The Court then ordered an evidentiary hearing with respect to Ground One, which was held on February 17, 2023.

For the reasons set forth below, the motion to vacate will be denied.

**I.      Background**

The factual background of petitioner's case, as well as a more detailed procedural background, is set forth in the Court's memorandum and order dated October 25, 2021.  *See United States v. Martinez Castro*, 2021 WL 4973844, at *1-3 (D. Mass. Oct. 25, 2021).

**II.      Analysis**

Under 28 U.S.C. § 2255, a prisoner in custody "claiming the right to be released" may file a motion to vacate, set aside, or correct a sentence.  The relief requested may be granted on the grounds that the "petitioner's sentence (1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack."  *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). The petitioner bears the burden of establishing by a preponderance of the evidence that he is entitled to relief under § 2255.  *Id.*; *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). In deciding whether a petitioner has met that burden, the court generally must accept his factual statements as true, "but . . . need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets."  *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A.    **Ineffective Assistance of Counsel**

    1.    **Legal Standard**

A petitioner claiming a violation of the Sixth Amendment right to effective assistance of counsel must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To succeed on such a claim, a petitioner must establish both (1) that his counsel provided deficient assistance and (2) that he suffered prejudice as a result.  *Id.*

The first prong requires a petitioner to demonstrate that his counsel's performance fell below an objective standard of reasonableness.  *Id.* at 689.  A court making that evaluation "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.*  A petitioner may overcome that presumption by demonstrating that counsel's alleged errors were so serious that his performance "fell below an objective standard of reasonableness under the circumstances."  *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir. 2007).  The second prong requires petitioner to show that counsel's deficient performance resulted in "prejudice"—that is, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

    2.    **Ground One**

Petitioner contends that his trial counsel was ineffective because he requested that his counsel file a direct appeal on his behalf, but counsel never did.

        a.    **Failure to File an Appeal - Generally**

The Supreme Court has "long held that a lawyer who disregards specific instructions from [a] defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  If a defendant does not instruct counsel to appeal, whether counsel performed unreasonably by failing to do so generally depends

on whether he or she consulted with the defendant about appealing.  *Id.* at 478.  The term

"consult," in this context, means "advising the defendant about the advantages and disadvantages

of taking an appeal, and making a reasonable effort to discover [his or her] wishes."  *Id.*

Counsel is not required to consult the defendant about an appeal in every case, however.

Rather, he or she has a duty to consult the defendant about an appeal only "when there is reason

to think either (1) that a rational defendant would want to appeal (for example, because there are

nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to

counsel that he was interested in appealing."  *Id.* at 480.  Although no one factor is dispositive,

"a highly relevant factor in th[e] inquiry will be whether the conviction follows a trial or a guilty

plea, both because a guilty plea reduces the scope of potentially appealable issues and because

such a plea may indicate that the defendant seeks an end to judicial proceedings."  *Id.*[1]  Even

where a defendant pleads guilty, however, the court must consider factors such as "whether the

defendant received the sentence bargained for as part of the plea" and "whether the plea

expressly reserved or waived some or all appeal rights."  *Id.*  Counsel also may not need to

consult the defendant about an appeal where "a sentencing court's instructions to a defendant

about his appeal rights in a particular case are so clear and informative as to substitute for

counsel's duty to consult."  *Id.* at 479-80.  And if counsel has consulted with the defendant, he or

she acts in an objectively unreasonable manner only by disregarding a defendant's specific

request with respect to an appeal.  *Id.* at 478.

---

[1] The court in *Flores-Ortega* provided the following example:  counsel advises the defendant that a guilty plea would likely lead to a two-year sentence, the defendant expresses satisfaction with that outcome, and pleads guilty.  *Id.* at 479-80.  The court then sentences the defendant to two years as expected and informs the defendant of his appeal rights, and the defendant does not express interest in appeal.  *Id.*  In such a situation, if counsel concludes there are no nonfrivolous grounds for appeal, it is likely that he or she could constitutionally choose not to consult the defendant about appealing.  *Id.*

When counsel's unreasonable performance "deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484.  In such a situation, there is a presumption of prejudice because the deficient performance "led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." *Id.* at 483.

Here, petitioner has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness.

### b.   Analysis

Petitioner was sentenced on July 18, 2018.  (*See* Dkt. No. 2610).  That sentence was within the applicable sentencing guideline range, which was 188 to 235 months.  (Sentencing Tr. at 15).  At the time of sentencing, the Court advised petitioner that he had the right to appeal his sentence; that if he was unable to pay the costs of appeal, he could ask permission to have those costs waived and appeal without paying costs; that any notice of appeal must be filed within 14 days after the entry of judgment; and that if he requested, the clerk would immediately prepare and file a notice of appeal on his behalf.  (*Id.* at 30).  Because the judgment was entered on July 18, the 14-day period expired August 1, 2018.

The two principal issues are (1) whether counsel consulted with petitioner about an appeal and (2) whether petitioner specifically requested that counsel file an appeal.  The Court will address each in turn.

As to the first issue, counsel testified that he had no specific memory of consulting with petitioner about an appeal.  (Hearing Tr. at 20).[2]  He did testify that his "normal practice,"

---

[2] THE COURT:  And I take it you don't remember any specific conversation here one way or the other with Mr. Martinez Castro about an appeal.

MR. CARAMANICA:  Correct.

whether in state or federal court, "is to tell someone their appellate rights." (*Id.* at 19).  He also testified that where, as here, a defendant pleads guilty without an agreement, his general practice is to discuss appeal rights "at the time we're discussing the Rule 11 hearing and the process, and then typically as we're talking about sentencing." (*Id.* at 19-20).  He further testified that in petitioner's case, his understanding was that "[petitioner] just wanted to do his sentence and be done with it without having to go back home [to El Salvador] any time soon." (*Id.* at 24).

Thus, although counsel has no specific memory of consulting with petitioner about his appeal rights, he testified that it was his general practice to do so.  Petitioner did not testify to the contrary, and in fact submitted no contrary evidence.  Under the circumstances, the Court finds by a preponderance of the evidence that counsel discussed with petitioner his right to an appeal, and did so at a time reasonably close to the period during which a notice of appeal should have been filed.

The next issue is whether counsel disregarded a specific request from petitioner to file a notice of appeal.  Petitioner testified that he knew that he had pleaded guilty without giving up his appeal rights. (*Id.* at 14).  He also acknowledged that at his sentencing hearing, the Court informed him that he had 14 days to file a notice of appeal. (*Id.* at 15; *see also* Sentencing Tr. at 30).

According to petitioner, he sent counsel a letter from the federal detention center in Brooklyn "about three or four weeks" after his sentencing in which he requested that counsel file an appeal. (Hearing Tr. at 10-11).[3]  That was, petitioner testified, the first time that he instructed

---

(Hearing Tr. at 20).

[3] Telephone records indicate that petitioner placed two outgoing calls from the Plymouth County Correctional Facility to counsel's work and cell telephone numbers on July 25, 2018, one week after sentencing, and before petitioner was moved to the federal detention center in Brooklyn.  It does not appear that counsel and petitioner spoke on that date. (*See* Hearing Ex. 5 at 1, 3).  Counsel testified that he did not "recall any communication with [petitioner] on that date or getting any voicemails." (Hearing Tr. at 23).  In addition, counsel

counsel to file an appeal.  (*Id.* at 14).[4]  He testified that he did not receive a response to that

letter.  (*Id.* at 11 ("I never received any answer, and then I got moved to Terre Haute, Indiana.")).

It appears that petitioner did not retain a copy of the letter.  Petitioner further testified that his

niece later attempted to contact counsel requesting that he file an appeal in "2020 or 2021."  (*Id.*

at 12).

For his part, counsel attested that he was "not aware of any request by the Defendant to

file a direct appeal of his sentence."  (Hearing Ex. 1 at 1).  He testified, "I don't have any

indication that I received a letter.  Had I gotten a letter from him, if it was in Spanish, I would

have had it interpreted and acted according to his instructions."  (Hearing Tr. at 20).  Counsel's

affidavit further states:

> I did not file an appeal of the sentence as I did not understand the Defendant to
> have desired me to do so.  This is based on my conversations and meetings with
> the Defendant relating to his sentencing.  Those conversations and meetings led
> me to believe the Defendant simply wished to begin his sentence.

(Hearing Ex. 1 at 1).

Under the circumstances, the Court finds by a preponderance of the evidence that

petitioner did not specifically instruct counsel to file an appeal prior to the time that the period

---

testified that he viewed the records as indicating that "[the] calling party hung up, meaning, it went to voicemail or it
wasn't answered."  (*Id.*).  Petitioner did not testify to the contrary.  (*See id.* at 16 ("I don't recall whether he
answered that phone call to me.")).  More importantly, petitioner did not testify that his purpose in making the calls
was to advise counsel that he wished to file an appeal.

    [4] MR. PASRICHA:

    Q.  It's your testimony today that the first time you asked your lawyer to file an appeal was from Brooklyn,
not at the sentencing hearing; is that correct?

    A.  Yes, it was from Brooklyn.

    Q.  In the letter that you told the Judge about.

    A.  Yes.

    (Hearing Tr. at 14).

for filing a notice of appeal had expired.  Indeed, even drawing all inferences in petitioner's favor, he did not instruct counsel to file an appeal until three or four weeks after entry of judgment, even though he indicated that he understood—at the time of sentencing—that he had only 14 days to do so.  An appeal filed at that time, however, would have been time-barred.  *See* Fed. R. App. P. 4(b)(1)(A) (noting that in a criminal case a defendant's notice of appeal must generally be filed in the district court 14 days after entry of judgment).  Accordingly, petitioner has not demonstrated that counsel failed to follow his instructions to file a timely appeal.  *See Flores-Ortega*, 528 U.S. at 484 ("If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief.").

Finally, and as noted, a counsel's failure to advise a defendant about his appellate rights, or to file an appeal when specifically requested, results in a presumption of prejudice.  The Court need not address whether that presumption has been overcome.  Nonetheless, it is noteworthy that petitioner has pointed to no issue that he could have raised on appeal that might reasonably have led to vacating the guilty plea or the sentence.  As described in more detail in the Court's memorandum and order dated October 25, 2021, the two issues raised in the petition—that the Court impermissibly based its sentence on petitioner's ethnicity and that his attorney failed to object to certain sentencing enhancements—are entirely without merit.  *See United States v. Martinez Castro*, 2021 WL 4973844, at *6-9 (D. Mass. Oct. 25, 2021).

In summary, petitioner has not met his burden of demonstrating that he received ineffective assistance of counsel because his counsel failed to file an appeal.  Accordingly, the Court will deny petitioner's motion as to Ground One.  Because that ruling resolves the sole remaining issue in the motion to vacate, the motion will be denied.

**III.**     <u>**Conclusion**</u>

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  March 15, 2023          Chief Judge, United States District Court